GERBER, J.,
dissenting.
I respectfully dissent. Our original opinion, Graves v. City of Pompano Beach ex rel. City Comm’n, 36 Fla. L. Weekly D778, 2011 WL 1376617 (Fla. 4th DCA Apr. 13, 2011), was based upon applicable statutes. The appellants’ motion for rehearing is based upon inapplicable authorities.
Our original opinion affirmed the trial court’s order dismissing the appellants’ complaint. We concluded that the City’s plat approval is not a “development order” subject to challenge under section 163.3215, Florida Statutes (2009). Id. We based our conclusion upon the plain language definitions of section 163.3164:
A development order is defined as “any order granting, denying, or granting with conditions an application for a development permit.” § 163.3164(7). A development permit includes “any building permit, zoning permit, subdivision approval, rezoning, certification, special exception, variance, or any other official action of local government having the effect of permitting the development of land.” § 163.3164(8).... Resolution *600 2009-120 only approved a map of the Park, but did not permit PPI to begin building on the land or make any alterations to structures existing on the land. As indicated by the land development code, additional steps must be taken in order for development to begin. See City of Pompano Beach, Fla.Code Ordinances §§ 157.03, .45 (2009) (listing requirements for site plan approval that must be met prior to issuance of building permits). Thus, the plat approval may not be challenged as a development order under section 163.3215.
Accordingly, the trial court’s order dismissing the complaint is affirmed, and appellants will need to wait until later in the process, if the plans continue, to challenge the proposed facilities and uses.
Id. at D779.
The appellants’ motion for rehearing nevertheless argues that the City’s plat approval constitutes a “development order” under section 163.3215. The appellants base their argument not upon the plain language definitions of section 163.3164, but upon two other authorities: (1) our holding in City of Coconut Creek v. Broward County Board of County Commissioners, 430 So.2d 959, 963 (Fla. 4th DCA 1983); and (2) the City’s definition of “development permit.”
The appellants’ reliance on those two authorities is misplaced. First, Coconut Creek is inapplicable. Coconut Creek predates by two years the legislature’s creation of section 163.3125, the statute under which the appellants brought this action. Thus, Coconut Creek can have no bearing upon an interpretation of section 163.3125.
Second, the City’s definition of “development permit” also is inapplicable. Section 163.3215 specifically provides that a “development order” is “as defined in s. 163.3164”:
Any aggrieved or adversely affected party may maintain a de novo action for declaratory, injunctive, or other relief against any local government to challenge any decision of such local government granting or denying an application for, or to prevent such local government from taking any action on, a development order, as defined in s. 163.8164,, which materially alters the use or density or intensity of use on a particular piece of property which is not consistent with the comprehensive plan.
(emphasis added). A “development order,” as defined in section 163.3164, is “any order granting, denying, or granting with conditions an application for a development permit.” § 163.3164(7). A “development permit,” as defined in section 163.3164, is “any building permit, zoning permit, subdivision approval, rezoning, certification, special exception, variance, or any other official action of local government having the effect of permitting the development of land.” § 163.3164(8). A “plat approval” is not included in that definition and, as we noted in our original opinion, the plat approval here, by itself, did not permit the development of land.
The appellants’ motion for rehearing ignores section 163.3215’s use of the phrase “as defined in s. 163.3164.” Instead, the appellants rely on the City’s definitions of “development order” and “development permit.” The City’s definition of “development order” is the same as section 163.3164’s definition. However, the City’s definition of “development permit” contains one key difference from section 163.3164’s definition. The City’s definition includes a “plat approval.” See Pompano Beaoh, Fla., Code Ordinances § 157.01 (“development permit” means “[a]ny building permit, zoning permit, plat approval, site plan approval or rezoning, certification, variance, or other action having the *601 effect of permitting development.”) (emphasis added).
The appellants’ reliance on the City’s definition cannot prevail as a matter of law. Our supreme court “has long held as a general rule that a statewide statute prevails over a conflicting municipal ordinance.” City of Casselberry v. Orange Cnty. Police Benev. Ass’n, 482 So.2d 336, 340 (Fla.1986). “[A] conflict exists when two legislative enactments cannot co-exist.” Sarasota Alliance for Fair Elections, Inc. v. Browning, 28 So.3d 880, 888 (Fla.2010) (citation and internal quotations omitted). Here, the two legislative enactments cannot co-exist. Section 163.3215 creates a cause of action limited to a development order “as defined in section 163.3164.” Adding the City’s definition of “development permit” to section 163.3164’s definition broadens the cause of action beyond that which the legislature intended by its own words.
Based on the foregoing, I stand by our original opinion to affirm the circuit court’s order dismissing the appellants’ complaint. I would deny the appellants’ motion for rehearing.